FILED
10:40 am Apr 24 2025
Clerk U.S. District Court
Northern District of Ohio
Cleveland

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL ISMAIYL, | ) | CASE NO. 1:25 CV 467 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| JUDGE TIMOTHY W. CLARY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Abdul Ismaiyl filed this civil rights action under 42 U.S.C. § 1983 against Judge Timothy W. Clary, Judge Kathleen A. Keough, Judge Michael J. Russo, Judge Eileen A. Gallagher, Attorney Timothy Sullivan, and U.S. Bank, N.A.[1] (Doc. No. 5). Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 4). The Court grants that application, but for the following reasons, dismisses the action.

### I. Background

Plaintiff's complaint concerns a Cuyahoga County Court of Common Pleas case (No. CV-21-945693) and three appeals filed in the Eighth District Court of Appeals (Nos. CA-22-111851, CA-24-114334, and CA-24-114477). Plaintiff objects to the decisions rendered by

---

[1] Plaintiff filed an initial complaint on March 7, 2025 (Doc. No. 1). On March 18, 2025, however, Plaintiff filed an amended complaint (Doc. No. 5), which the Court considers in this opinion as the operative complaint.

Judges Russo and Clary in the Cuyahoga County Court of Common Pleas and Judges Keough and Gallagher in the Eighth District Court of Appeals. Specifically, Plaintiff objects to the trial court's rulings on Plaintiff's motion to intervene in Case No. 21-CV-945693, his motion for findings of fact and conclusions of law, and U.S. Bank's motion in limine, as well as the trial court's dismissal of Case No. 21-CV-945693. Plaintiff also objects to the appellate court's decision in Case No. CA-22-111851 affirming the trial court's decision and the appellate court's decision in Case No. CA-24-114334 dismissing the appeal.

Plaintiff appears to claim that Attorney Sullivan and his client, U.S. Bank, presented false information to the court and fabricated evidence. He also claims that in the course of the judicial proceedings and in rendering opinions, all of the judges acted in manners in furtherance of a conspiracy to conceal the true facts and to defraud Plaintiff of the funds to which he is purportedly entitled in the trial court case. And Plaintiff alleges that the defendants' actions have deprived him of due process. For relief, he seeks a declaration that the defendants' actions constitute fraud and a denial of due process and any judgment rendered by the courts is void. He also asks this Court to intervene in the appeal that is still pending (Case No. CA-24-114477).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

### A. Proper Parties and Immunity

As an initial matter, Plaintiff cannot maintain a Section 1983 action against Attorney Sullivan and U.S. Bank. To state a claim upon which relief can be granted under Section 1983, a plaintiff must allege that (1) a right secured by the Constitution or a federal statute has been

violated, and (2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To be considered to have acted "under color of state law" for purposes of Section 1983, generally, a person must be a state or local government official or employee. A private party may be found to have acted under color of state law only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974).

Here, Defendants Sullivan and U.S. Bank are private parties, not government officials or entities. And there is no suggestion in the complaint that Defendants were acting on behalf of, or obtaining significant aid from, the state such that their conduct was considered state action. Nor does Plaintiff allege any facts suggesting that Defendants exercised a power that is reserved exclusively for the State of Ohio. Moreover, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *see Otworth v. Vanderploeg*, 61 F. App'x 163, 166 (6th Cir. 2003) (noting that "private attorneys representing private citizens . . . [are] not acting under color of state law").

Additionally, Judges Clary, Keough, Russo, and Gallagher are immune from suit. Judges are absolutely immune from civil suits. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded

this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge, or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will be not deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Here, neither exception to immunity applies. All defendant judges were acting as judges when they rendered their decisions and issued their judgments. And there is no suggestion in the complaint that the decisions rendered by the judges were taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. Judges Russo, Clary, Keough, and Gallagher are therefore absolutely immune from suit.

### B. The Rooker-Feldman Doctrine

Even if Plaintiff could maintain a civil rights action against the defendants, to the extent Plaintiff is asking this Court to vacate the state court judgments against him and enter judgment in his favor, the *Rooker-Feldman* doctrine bars this Court's consideration of his claims.

Under the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). Federal appellate review

-5-

of state court judgments can only occur in the United States Supreme Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. App'x. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Here, Plaintiff is asking this Court to declare that the decisions rendered by the state court judges were wrong, and he asks that the judgments be rendered void. Pursuant to *Rooker-Feldman*, this Court lacks jurisdiction to vacate the judgment of the state courts.

### C. The Younger Abstention

To the extent the state court cases of which Plaintiff complains are still pending, the Court must abstain from hearing challenges to these state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

When an individual is the subject of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state litigant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44. Additionally, the principles expressed in *Younger* apply to ongoing state civil and criminal proceedings. *Watts*, 854 F.2d at 844.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 U.S. Dist.

LEXIS 142061, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, all three factors supporting abstention are present. Plaintiff indicates that his appeal to the Eight District Court of Appeals in Case No. CA-24-114477 is still pending. The issues presented in the complaint are the subject of a state court civil matter, which are of paramount state interest. And there is no suggestion in the complaint that any purported claim in this federal lawsuit is barred in the state action. This Court must therefore abstain from exercising jurisdiction over Plaintiff's claims as they relate to his pending appeal in the Eighth District Court of Appeals.

### IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 4) and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**